UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**TRUNKLINE GAS CO L L C**          CASE NO.  6:23-CV-00608

**VERSUS**                          JUDGE ROBERT R. SUMMERHAYS

**JASON PAUL LATIOLAIS ET AL**      MAGISTRATE JUDGE DAVID J. AYO

**O R D E R**

Before this Court are two motions for relief filed by plaintiff Trunkline Gas Co, LLC ("Trunkline") in this land condemnation proceeding.  Trunkline's first motion seeks appointment of the United States Marshal Service as court-ordered agent for service of process.  (Rec. Doc. 11).  Trunkline's second motion seeks expedited consideration of the first motion.  (Rec. Doc. 12).  It is hereby

**ORDERED** that Trunkline's motion for expedited review of the underlying "Motion to Appoint a United States Marshal Under Federal Rule of Civil Procedure 4(c)" is **GRANTED** and the underlying motion is considered below.

Trunkline's motion seeks appointment of the United States Marshal to effect service of process upon defendants Jason Paul Latiolais and Ashley Latiolais ("Defendants") on the basis that personal service has been attempted twice, to no avail.  (Rec. Doc. 11). Defendants are the record owners of a 20-acre tract of land identified as "307H-100-22" which is the subject of this condemnation proceeding pursuant to Federal Rule of Civil Procedure 71.1.  Trunkline's suit for condemnation is based on a federally authorized pipeline construction project which would traverse Defendants' aforementioned tract of land.  (*Id.* at pp. 2-3).

Trunkline asserts it first attempted service via attorney Alex Prochaska ("Prochaska") during Prochaska's May 10, 2023 meeting with Jason Latiolais at his place of

business. (*Id*. at p. 3). Prochaska's affidavit concerning the May 10 meeting recounts a contentious meeting, during which Jason Latiolais refused to accept a copy of the statutory Notice, despite signing copies of survey permits. (*Id.* at p. 3-4). Trunkline next hired a private process server, Stephen Regan, Sr. ("Regan"), on the same day to attempt service for a second time. (*Id.* at p. 4). Regan's declaration, attached to Trunkline's motion and filed later in the record separately, details an effort on May 10, 2023, to serve Jason and Ashley Latiolais at 9838 Romero Road, Abbeville, Louisiana 70510 at 3:15 p.m. (Rec. Docs. 15, 16). Regan attests that he served enumerated papers upon Mr. Latiolais, who then threw those papers at him as he was leaving in his vehicle. Regan further attests that Mr. Latiolais filed a complaint against Regan with the Vermilion Parish Sheriff's Office, alleging that Regan littered on his property by leaving documents there. (*Id.*). Trunkline's motion seeks appointment of the USMS to make a third attempt at personal service in this matter, citing the approaching July start date for contemplated construction and the need to access the subject property for that purpose. (Rec. Doc. 11).

Pursuant to Federal Rule of Civil Procedure 4(e)(1) and (2), Trunkline may effect service upon Defendants by (1) any means authorized by Louisiana law, (2) personally serving Defendants; (3) leaving a copy of the summons and complaint at Defendants' residence with a person of suitable age and discretion, or (4) delivering a copy of the summons and complaint to Defendants by process server. A litigant is not permitted to defeat service by refusing to accept a summons and complaint or other related documents. *Trusty v. Allstate Ins. Co.*, 861 So. 2d 634 (La. App. 5 Cir. 2003); *Thomas Organ Co. v. Universal Music Co.*, 261 So. 2d 323 (La. App. 1 Cir. 1972). Where a process server identifies himself as such and states that his purpose is to serve process upon a litigant and is thereafter refused, he may leave the documents in close proximity to the refusing party, thereby effectuating service under Louisiana law. *Sakallah v. Harahan Living Center*,

2006 WL 2228967 (E.D. La.). Based on the facts alleged by Trunkline and supported with affidavit evidence, this Court finds that service was effected pursuant to Rule 4, providing such "fair notice" as is required to satisfy Defendants' due process rights under the Constitution of the United States. *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 313 (1950); Frank Maraist, 1 La. Civ. L. Treatise, Civil Procedure § 8.3 (2d ed.) (Nov. 2021 update).

Considering the foregoing, it is hereby

**ORDERED** that Trunkline's motion for appointment of the USMS for service of process (Rec. Doc. 11) is **DENIED** as **MOOT** based on this Court's finding that Defendants have been personally served pursuant to Louisiana law and Fed. R. Civ. P. 4(e).

**THUS DONE AND SIGNED** this 14th day of June, 2023 at Lafayette, Louisiana.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**